# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| Christopher L. Cole<br>   *Plaintiff* | )<br>)<br>) | |
| v. | )<br>) | Case No. 3:16-cv-674-GNS |
| First Resolution Investment Corp.<br>   *Defendant*<br>Serve:<br>   Corporate Service Center, Inc.<br>   5605 Riggins Court, Suite 200<br>   Reno, NV 89502 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Unifund CCR, LLC<br>*Successor in Interest to*<br>First Resolution Investment Corp.<br>   *Defendant*<br>Serve:<br>   Corporation Service Company<br>   421 West Main Street<br>   Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Unifund CCR Partners<br>*Succcessor in Interest to*<br>First Resolution Investment Corp.<br>*and Assumed Name for*<br>Credit Card Receivables Fund, Inc. *and*<br>ZB Limited Partnership<br>   *Defendant*<br>Serve:<br>   Credit Card Receivables Fund, Inc.<br>   c/o Corporation Service Company<br>   2711 Centerville Road<br>   Suite 400<br>   Wilmington, DE 19808<br><br>   ZB Limited Partnership<br>   c/o Corporation Service Company<br>   2711 Centerville Road<br>   Suite 400<br>   Wilmington, DE 19808 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

# COMPLAINT and DEMAND FOR JURY TRIAL

\*   \*   \*   \*   \*

## INTRODUCTION

1.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

## JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.  Plaintiff, Christopher L. Cole, is a natural person who resides in Jefferson County, Ky. Mr. Cole is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.  First Resolution Investment Corp. ("FRIC") is a foreign corporation that is not registered with the Kentucky Secretary of State. FRIC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. FRIC either sold all of its assets to the Unifund Group of companies and/or transferred its assets to the Unifund Group of companies for servicing.[1]

5.  FRIC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6.  Unifund CCR, LLC is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR, LLC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

7.  Unifund CCR, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8.  Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

9.  Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

---

[1] http://www.firstresolution.com (visited October 3, 2016).

10. Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

11. FRIC is or was a Canadian corporation.

12. On September 25, 2014, FRIC filed suit against Mr. Cole in the Jefferson District Court of Jefferson County, Kentucky under case number 14-C-011125 (the "State Court Suit"). A true and accurate of the complaint in the State Court Suit is attached as Exhibit "A."

13. FRIC's complaint in the State Court Suit was an attempt to collect a charged-off credit card originated by Chase Bank USA, N.A. ("Chase").

14. Upon information and belief, the Chase credit card at issue in the State Court Suit was used solely for personal, family, or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

15. The complaint in the State Court Suit avers *inter alia* that Mr. Cole owed FRIC the principal amount of $1,869.84.

16. FRIC moved for default judgment in the State Court Suit, and the Jefferson District Court entered default judgment in FRIC's favor on November 13, 2014 (the "Judgment"). A true and accurate copy of the Judgment is attached as Exhibit "B."

17. The Judgment awarded FRIC a principal amount of $1,869.84 "plus interest at the rate of 12% per annum from the date of judgment thereafter…." *Id.* The default judgment also awarded FRIC $280.48 in attorney's fees and "its court costs herein expended…."

18. While the Judgment awards "court costs" to FRIC, no amount of court costs is included or set forth in the amount of the judgment.

19. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs

recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

20. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

21. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

22. FRIC did not file a bill of costs in the state court action.

23. FRIC did not serve a bill of costs on Mr. Cole.

24. There was never a supplemental judgment entered in the State Court Suit awarding FRIC costs.

25. On December 16, 2014, FRIC recorded a notice of judgment lien with the Jefferson County Clerk of Jefferson County, Kentucky pursuant to the Judgment (the "Judgment Lien"), paying a $13.00 statutory fee to the clerk for doing so. A copy of the Judgment Lien is attached hereto as Exhibit "C."

26. FRIC filed the Judgment Lien in an attempt to collect the Chase credit card debt from Mr. Cole. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 534 (6th Cir.).

27. The Judgment Lien states that $122.79 in court costs is due and owing on the Judgment, even though there was at no time a supplemental judgment entered in the State Court Suit awarding FRIC its costs.

28. On or about March 19, 2015, the Unifund Group acquired all of FRIC's assets.

29. Upon information and belief, Unifund Group acquired the FRIC judgment against Mr. Cole as part of this acquisition.

30. Upon information and belief, Unifund CCR, LLC and Unifund CCR Partners are affiliated with the Unifund Group.

31. On March 29, 2016, FRIC and/or Unifund caused a wage garnishment ("Wage Garnishment") to be executed and filed in the State Court Suit. A true and accurate copy of the Wage Garnishment is attached as Exhibit "D."

32. The Wage Garnishment states that the amount due as of March 29, 2016 is $2,173.73, plus $273.29 in "Probable Court Costs."

33. Upon information and belief, the amount of $273.29 of "Probable Court Costs" stated in the Wage Garnishment represents FRIC's self-awarded court costs in the State Court Suit, its recording fee for recording the Judgment Lien, court costs and statutory garnishee fees paid for filing the Wage Garnishment, and other collection expenses.

34. In August of 2016, in order to end FRIC's and Unifund's garnishment of his wages, Mr. Cole paid the FRIC judgment in full, inclusive of all attorney's fees and FRIC's self-awarded court costs and collection expenses.

35. On September 1, 2016, FRIC released the Wage Garnishment. On September 15, 2016, the Jefferson District Court entered an order declaring the Judgment paid in full and satisfied. Copies of both the garnishment release and order of satisfaction are attached hereto as Exhibit "E."

36. As of the date on which this lawsuit was filed, two months after Mr. Cole paid the Judgment in full and six weeks after the Jefferson District Court declared the Judgment satisfied, FRIC has still not released its Judgment Lien.

37. FRIC's Judgment Lien became void and was invalidated no later than the Jefferson District Court's entry on September 15, 2016 of the order declaring the Judgment satisfied.

38. As of September 15, 2016, neither FRIC nor Unifund had any legally enforceable security interest in any real property owned by Mr. Cole arising out of the Judgment.

39. Maintaining an invalid judgment lien against a debtor's real property violates the FDCPA. *Currier*, *id.* at 535.

40. Unifund violated the FDCPA by including costs and fees in the amount of court costs listed in the Wage Garnishment that are not allowable as court costs, by including a claim for court costs in the Wage Garnishment where no Bill of Costs was filed in the State Court Suit, and by maintaining a judgment lien filed pursuant to a judgment that had been paid in full and satisfied.

### Claims for Relief

I. **Claims against First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners**

A. **Violations of the FDCPA**

41. The foregoing acts and omissions of First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher L. Cole requests that the Court grant him the following relief:

1. Award Plaintiff actual damages, including but not limited to damages for all of FRIC's and/or Unifund's self-awarded court costs and collection expenses paid by Mr. Cole;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3. Enter an order directing the Jefferson County Clerk to release FRIC's Judgment Lien filed pursuant to the Judgment;

4. Award Plaintiff reasonable attorney's fees and costs;

5. A trial by jury; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com